

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 3, 1962

Honorable Glendon Roberts
County Attorney
Bandera County
P. O. Box 446
Bandera, Texas

Opinion No. WW-1292

Re: Separation of the offices of
Sheriff and Tax Assessor-Col-
lector in a county of less than
10,000, under Section 16a, Arti-
cle 8, Texas Constitution, and
time of taking office. Sec. 65,
Art. 16, Texas Constitution.

Dear Mr. Roberts:

In your letter you state that the Commissioners Court of
Bandera County has called a special election for May 5, 1962, for
the purpose of submitting to the qualified property taxpaying voters
of such county the question of adding an Assessor-Collector of Taxes
to the list of authorized county officials. You state that the pre-
sent Sheriff, who is ex-officio Tax Assessor-Collector, was elected
in 1960 for a four year term to expire December 31, 1964. You have
asked the following questions:

"1. May the two offices above mentioned
be separated and a separate Tax
Assessor-Collector be elected and
take office prior to the expiration
of the present combined office of
Sheriff and Tax Assessor-Collector?

"2. In the event the election for the
separation of the combined offices
above mentioned carries and a Tax
Assessor-Collector is elected at the
General Election to be held in Novem-
ber, 1962, would the first tenure of
such office be for only two years
beginning January 1, 1963 and ending
December 31, 1964, or would the first
tenure of such office be for four
years?"

Section 16 of Article 8, Texas Constitution, reads as follows:

"The Sheriff of each county, in addi-
tion to his other duties, shall be the
Assessor and Collector of Taxes therefor;
but, in counties having 10,000 or more
inhabitants, to be determined by the last
preceding census of the United States, an

Assessor and Collector of Taxes shall
be elected as provided in Section 14
of this Article, and shall hold office
for four years and until his successor
shall be elected and qualified."

Section 14, of Article 8, Texas Constitution, reads as
follows:

"Except as provided in Section 16
of this Article, there shall be elected
by the qualified voters of each county,
an Assessor and Collector of Taxes, who
shall hold his office for four years,
and until his successor is elected and
qualified; and such Assessor and Col-
lector of Taxes shall perform all the
duties with respect to assessing pro-
perty for the purpose of taxation and
of collecting taxes, as may be pre-
scribed by the Legislature."

Art. 7246, V.C.S., reads as follows:

"In each county having less than
ten thousand (10,000) inhabitants,
the sheriff of such county shall be
the Assessor and Collector of Taxes,
and shall have and exercise all the
rights, powers and privileges, be
subject to all the requirements and
restrictions, and perform all the
duties imposed by law upon assessors
and collectors; and he shall also
give the same bonds required of an
assessor and collector of taxes
elected."

Sec. 16a of Art. 8, Texas Constitution, provides:

"In any county having a popu-
lation of less than ten thousand
(10,000) inhabitants, as determined
by the last preceding census of the
United States, the Commissioners
Court may submit to the qualified
property taxpaying voters of such
county at an election the question
of adding an Assessor-Collector of
Taxes to the list of authorized

> county officials.  If a majority
> of such voters voting in such elec-
> tion shall approve of adding an
> Assessor-Collector of Taxes to such
> list, then such official shall be
> elected at the next General Election
> for such Constitutional term of office
> as is provided for other Tax Assessor-
> Collectors in this State."

Sec. 16a, Art. 8, Texas Constitution, is self-executing, and requires no enabling act by the Legislature for the voters of a county to take action under its provisions.  This section provides no specified time to call the election, so any such election held under the provisions of this section may be called at any time, in any year, at the discretion of the Commissioners Court.  The term of the present sheriff and tax assessor-collector will expire on December 31, 1964, or as soon thereafter as his successor shall have qualified.  There will be a General Election held in November, 1962 and a General Election in November, 1964. If the Constitution had meant for the present sheriff and tax assessor-collector to serve out his full term, before anyone assumed the office of tax assessor-collector, it could have provided, ". . . then such official shall be elected at the next General Election immediately preceding the expiration of the term of office of sheriff and tax assessor-collector."  But the Constitution says, ". . . at the next General Election. . . ." In our situation this means the General Election to be held in November, 1962.

If the special election provides for a separate Assessor and Collector of Taxes, and such an official is elected in November, 1962, will he have to wait until the present term of the sheriff and tax assessor-collector expires before taking office, that is, on January 1, 1965?  This can't be true, because another General Election will intervene before that date, the General Election of November, 1964.  This latter date is the time set for the election of all tax assessor-collectors.

Sec. 64 of Art. 16, Texas Constitution, provides:

> "The office of Inspector of Hides
> and Animals, the elective district,
> county and precinct offices which have
> heretofore had terms of two years, shall
> hereafter have terms of four years; and
> the holders of such terms shall serve
> until their successors are qualified."
> /Emphasis added 7

Sec. 65 of Art. 16, Texas Constitution, reads in part as follows:

> ". . . the following officers elected at the general election in November, 1954, shall serve only for terms of two years; (a) Sheriffs; (b) Assessors and Collectors of Taxes; . . . At subsequent elections, such officers shall be elected for the full terms provided in this Constitution.
>
> ". . . ."

The election of an Assessor and Collector <u>for a four year term</u> occurs, therefore, at the General Elections of 1956, 1960, 1964, 1968, 1972, and thereafter at four year intervals. The provision in Sec. 16a of Art. 8, Tex. Const., which provides that after a separate office of Assessor and Collector of Taxes is authorized, ". . . then such official shall be elected at the next General Election <u>for such Constitutional term of office as is provided for other Tax Assessor-Collectors in this State</u>", must be construed with Sec. 65 of Art. 16, Tex. Const., which provides that Assessors and Collectors of Taxes will be elected <u>for four year terms</u> in 1956, 1960, 1964, 1968, etc. All provisions of the constitution in relation to the same subject matter must be construed together. 12 Tex.Jur.2d, Constitutional Law, Sec. 27. The term of office referred to in Sec. 16a of Art. 8, Tex. Const., is the same ". . . as is provided for other Tax Assessor-Collectors in this State." We hold, therefore, that if a separate office of Assessor and Collector of Texas is authorized for Bandera County as a result of a special election held for that purpose on May 5, 1962, such official elected in the General Election of November, 1962, will hold office only until December 31, 1964, and the Assessor and Collector of Taxes elected in the General Election of November, 1964, will hold office for four years, the same as other Tax Assessor-Collectors in this State.

## S U M M A R Y

If the qualified property taxpaying voters of Bandera County authorize the election of a separate Assessor and Collector of Taxes in a special election called for that purpose, such official will be elected in the General Election of November 1962, as provided in Sec. 16a of Art. 8, Tex. Const., and will

serve only until December 31, 1964,
or until his successor is qualified.
Sec. 65, Art. 16, Tex. Const.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Riley Eugene Fletcher
Assistant

REF/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Elmer McVey
Tom I. McFarling
Gordon Zuber
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.